PAULA S. FOUNTAIN, APPELLEE, V. JOHN R. HANLON, COMMISSIONER OF LABOR, APPELLANT, DAGWOOD'S DELI, APPELLEE.

335 N.W.2d 319

Filed June 17, 1983. No. 82-856.

Pamela A. Mattson, for appellant.

Marie Ashe, for appellee Fountain.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

KRIVOSHA, C.J.

The decision in this appeal is controlled by our decision released today in the case of *Gilbert v. Hanlon, ante* p. 676, 335 N.W.2d 548 (1983), and presents to the court the identical legal question presented in *Gilbert*. The appellee, Paula S. Fountain, was employed by Square D Company in Lincoln, Nebraska, on a full-time basis from July of 1979 to January 8, 1982. Additionally, Fountain worked on a part-time basis at Dagwood's Deli in Lincoln, Nebraska, from October of 1981 to April 9, 1982. In January of 1982, at the time that Fountain's full-time employment with Square D terminated, her working hours at Dagwood's Deli were reduced to 6½ hours per week. On April 9, 1982, she left Dagwood's Deli to accept part-time employment of approximately 10 hours per week at Dutton's Den, a restaurant located in Lincoln, Nebraska.

In January of 1982, when Fountain was laid off from her full-time job, she began collecting unemployment compensation benefits even though she was still working part-time at Dagwood's Deli. This was because her wages from her part-time employment were not sufficient to disqualify her from receiving full unemployment compensation benefits.

After she left her part-time employment at Dagwood's Deli, a determination was made regarding her right to continue receiving unemployment compensation. On May 14, 1982, a claims deputy from the Department of Labor determined that Ms. Fountain was now disqualified from receiving benefits for the period from April 10, 1982, through June 5, 1982, for the reason that she had left Dagwood's Deli voluntarily and without good cause and therefore was disqualified from receiving benefits pursuant to Neb. Rev. Stat. § 48-628(a) (Cum. Supp. 1980). In addition, the deputy found that the amount of $424 in unemployment compensation which Ms. Fountain had received for the weeks ending April 10, 1982, through May 1, 1982, constituted an overpayment during the period of disqualification. Ms. Fountain was determined to be liable to repay the $424.

She thereafter appealed the disqualification determination to the Nebraska Appeal Tribunal, and on June 3, 1982, the tribunal affirmed the department's determination. Fountain then perfected an appeal to the District Court for Lancaster County, Nebraska, which, on November 24, 1982, reversed the decision of the Nebraska Appeal Tribunal and found that Fountain had been erroneously disqualified from receiving all the benefits to which she was entitled during her unemployment.

For all the reasons more particularly set out in our opinion in *Gilbert v. Hanlon, supra,* we believe that the decision of the trial court was correct, and the judgment and order of the trial court are affirmed.

AFFIRMED.